# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PETER DeARMENT,<br><br>　　　　　　　　Petitioner,<br>vs.<br><br>MICHAEL MARTEL, Warden,<br><br>　　　　　　　　Respondent. | CASE NO. 10CV1717-LAB (CAB)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

　　Mr. DeArment filed his habeas petition on August 13, 2010, and with it filed a motion to appoint counsel — using a form intended for an employment discrimination action arising under the Civil Rights Act of 1964. The motion is **DENIED**.

　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991). It is true that financially eligible habeas petitioners *may* obtain representation whenever the Court "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but the hurdle is a high one: the facts of the particular case must indicate that "appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. Additionally, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). Mr.

1 | DeArment has not made a showing that his petition implicates these concerns, at least yet.
2 | The request for counsel is therefore **DENIED WITHOUT PREJUDICE.**
3 |
4 |     **IT IS SO ORDERED**.
5 | DATED: January 25, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge